# IN THE SUPERIOR/STATE COURT OF _Rockdale_ COUNTY
## STATE OF GEORGIA

_Lorenzo Sadler_
_Sonya Sadler_

CIVIL ACTION NUMBER __2012-CV-2151-I__

_____ PLAINTIFF

VS.

_Bank of America Home Loans,_
_et al._

_____ DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

_J.G. Davis & Associates, LLC_
_P.O. Box 4349_
_Atlanta, GA 30357_

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __23__ day of __August__ 20__12__.

Clerk of Superior/State Court

BY _Angela F. Darwin_

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet

**DEFENDANT'S EXHIBIT A**

# IN THE SUPERIOR COURT OF ROCKDALE COUNTY
# STATE OF GEORGIA

LORENZO and SONYA SADLER

    Plaintiffs,

v.

BANK OF AMERICA HOME LOANS,
NATIONSTAR MORTGAGE LLC,
FREDDIE MAC, MCCALLA RAYMER, LLC.

    Defendant(s).

Case No. 2012-CV-2151-I
HON.

---

J. G. DAVIS & ASSOCIATES, LLC
By: JOSHUA G. DAVIS (#514674)
Attorney for Plaintiff
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax: (855) 814-3619

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

NOW COMES the Plaintiffs, LORENZO and SONYA SADLER, by and through their attorney, JOSHUA G. DAVIS, files this Complaint for Damages and Injunctive Relief, which states the following:

## PARTIES

1.

Plaintiffs Lorenzo and Sonya Sadler (hereinafter referred to as "Plaintiffs") resides in the State of Georgia, City of Conyers, more specifically at 1036 Falls Brooke Drive, 30094. Plaintiff's suit regards property located at 1036 Falls Brooke Drive, Conyers, GA 30094 (hereinafter, also, "Property").

~ 1 ~

2.

Co-Defendant Bank of America Home Loans, Inc. (hereinafter "BOA"), doing business at PO Box 5170, Simi Valley, CA 93062, whose registered agent is CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

3.

Co-Defendant Freddie Mac Modification Program (hereinafter "Freddie Mac"), doing business at 2300 Windy Ridge Pkwy SE, Suite 200 North Tower, Atlanta, GA 30339-5665, who can be served at the same.

4.

Co-Defendant Nationstar Mortgage LLC (hereinafter "Nationstar"), doing business at 350 Highland Drive, Lewisville, TX 75067 whose registered agent is the Corporation Service Company, at 40 Technology Pkwy S., Suite 300, Norcross, GA 30092.

5.

Co-Defendant McCalla Raymer, LLC (hereinafter "McCalla"), doing business at Six Concourse Parkway, Suite 3200, Atlanta, GA 30328 whose registered agent is Marty Stone who can be served at Six Concourse Parkway, Suite 3200, Atlanta, GA 30328.

6.

Each of the Defendants named herein are believed to, and are alleged to, have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## VENUE AND JURISDICTION

7.

Cases respecting title to land must be brought in the county in which the land (or a part thereof in case of a single tract) lies. Ga. Const. of 1983 Art. VI, Par. II, Sec. II as a case "respecting title to land." This Court is the proper court of venue to bring this Petition as it respects the property in question, which is located in Rockdale County, and further since the Supreme Court of Georgia has held that the Superior Court is the Court of proper jurisdiction to matters involving title over land. *Setlock v. Setlock*, 286 Ga. 384, 688 SE2d 346 (2010). ("For the purpose of enabling all persons owning real estate within this state to have the title thereto settled and registered[,]...the *superior court* of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon.") (Emphasis supplied) O.C.G.A. §44-2-60

## FACTS

8.

On or about September 03, 2003, Plaintiff entered into a loan agreement with Greenpoint Mortgage Funding, Inc., with Security Deed (hereinafter "Deed") in the amount of $160,000.00, as recorded in the Office of the Clerk of Superior Court of Rockdale County, in Book 2881, Page 50, for the Property located at 1036 Falls Brooke Drive, Conyers, GA 30094 (hereinafter "Property"). (*See* Exhibit "A")

9.

On or about November 14, 2003, Freddie Mac acquired the loan (according to information accessed via their loan lookup search, last accessed July 9, 2012) (*See* Exhibit B). This assignment is completely unrecorded.

10.

On or about May 06, 2011 (recorded May 13, 2011 in Book 4992, Page 183), Mortgage Electronic Registration Systems (MERS), acting as nominee for Greenpoint Mortgage Funding, Inc, assigned the Deed over to Bank of America Home Loans Servicing. This assignment took place in spite of the fact that Freddie Mac became owner of the loan on November 14, 2003 (See Exhibit C).

11.

On or about January 13, 2012, Bank of America Home Loans approved the Plaintiffs for "a trial period plan under the Freddie Mac Modification Program." The new loan payments were set at $966.60 and were to be made on the first day of the months of February, March, and April. The paperwork stated that in order to accept the terms of the new modification, Plaintiffs need only to make these payments. After three months of payments the modification would become permanent. The paperwork also stated that Bank of America "wants to assist [the Plaintiffs] with finding a long-term solution" to their loan issues, and that their goal "is to help make your mortgage more affordable, and most importantly, help you keep your property and avoid foreclosure." (*See* Exhibit D).

12.

On or about April 23, 2012, Bank of America notified the Plaintiffs that their loan would be transferred to Nationstar Mortgage LLC, on May 16, 2012. (*See* Exhibit E).

13.

On May 31, 2012, Nationstar Mortgage LLC sent a letter to the Plaintiff making them aware of their balance. The letter stated that at the time of transfer, their principle was

$145,107.00. The letter also made mention that the loan was owed to Freddie Mac and serviced by Nationstar Mortgage LLC (*See* Exhibit F).

14.

A banking statement summary generated from a checking account with Bank of America shows that Plaintiffs made each of their required payments to Bank of America. Furthermore, a payment was made on June 1, 2012 to Nationstar (*See* Exhibit G).

15.

Despite all of the notifications that the Plaintiffs received concerning the transfer, the transfer of the loan from Bank of America to Nationstar was not recorded until July 10, 2012 (*See* Exhibit H). Interest in the deed was assigned to Nationstar, yet Freddie Mac still purports to have (unrecorded) interest in the loan.

16.

On July 18, 2012, the J.G. Davis & Associates sent a Letter of Demand to bank of America on behalf of the Plaintiffs. The letter stated the facts of the case, demanded that Bank of America recognize their loan modification with the Plaintiffs, and to pass the modification information on to Nationstar Mortgage LLC (*See* Exhibit I).

17.

On July 20, 2012, Plaintiffs were notified that despite making their new modified loan payments, their loan account was handed to the Law Offices of McCalla Raymer, LLC to handle foreclosure proceedings. In this letter, alternatives to foreclosure were listed and contact information was given so that Plaintiffs might discuss those options. The inclusion of this information gives the impression that Nationstar wanted Plaintiff to mistakenly believe that they had an interest in avoiding foreclosure (*See* Exhibit J).

18.

On July 26, 2012, Bank of America sent a response to the Letter of Demand; their response was terse and limited, stating: "We received your recent inquiry about your home loan. We are in the process of obtaining the documentation and information".

19.

On July 26, 2012, J.G. Davis & Associates. LLC called Nationstar and spoke with Thomas Browning (account manager), number (469) 549-3111 extension #314. Mr. Browning informed J.G. Davis & Associates, LLC that Bank of America failed to send Nationstar Plaintiffs' underwriting documents concerning their loan modification, but was aware of the loan modification. Mr. Browning further stated that Freddie Mac was the Lien Holder and that at that time Plaintiffs did not have a scheduled foreclosure date.

20.

On July 31, 2012, the Plaintiffs received a Notice of Foreclosure Sale from the Law Offices of McCalla Raymer, LLC. In the letter, it was stated that Freddie Mac owned the Note and Security Deed, but that Nationstar Mortgage LLC was the servicer of the deed (*See* Exhibit K). However, the Notice of Sale under Power, the Notice itself as made public, does not mention Freddie Mac as the owner of the loan. Instead, it only mentions that the Deed was "last transferred to Nationstar Mortgage LLC," wholly neglecting any mention of Freddie Mac. (*See* Exhibit L)

21.

The proposed sale date is set for September 4, 2012.

## COUNT I – Wrongful Foreclosure

The Plaintiffs hereby incorporate, re-allege, and adopt by reference as if more fully stated, paragraphs herein above.

22.

According to the July 31, 2012 letter from the Law Offices of McCalla Raymer, LLC, Nationstar Mortgage LLC intends to exercise a non-judicial foreclosure sale on September 4, 2012 (*See* Exhibit K and L). As required by O.C.G.A. 44-14-162.2 "notice shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure." In the present action, Freddie Mac is the secured creditor, and has been since November 14, 2003. Here, Nationstar (who is not the secured creditor) sent the notice through McCalla Raymer. Moreover, based upon *Gary Stubbs v. Bank of America*, No. 1:11-CV-1367-AT (2012) "according to the plain language of the statute, the secured creditor- the entity to whom the debt is owed- is authorized to foreclose pursuant to Georgia's nonjudicial foreclosure statute... a creditor who has the right, on the debtor's default, to proceed against collateral and apply it to the payment of the debt." Plaintiff asserts that it seems clear that Freddie Mac owns their loan and therefore foreclosure proceedings by Nationstar would be improper according to the practice of Georgia law and Courts.

23.

Furthermore, the Notice of Sale under Power is, itself, patently defective. The Notice as written lists Nationstar as owner of the Deed. However, as shown, Freddie Mac is also holding themselves out as the Secured Creditor with ability to Foreclose. As such, the Notice of Sale

Under Power is defective and does not adhere to the clear requirements set forth by O.C.G.A. 44-14-162.

24.

Plaintiff does not believe Nationstar Mortgage LLC has valid standing to proceed with foreclosure. While under servicing of the BOA, the loan was modified and new payments were received on behalf of the modification. After the third payment (in April), the modification was made permanent by Bank of America Home Loans. About three months later from acceptance of modification, Nationstar Mortgage LLC received a recorded assignment for the loan (on July 10, 2012). However, Nationstar Mortgage LLC claims they were not made privy to any loan modification. They then accepted the modified payment, after which they proceeded with the foreclosing actions; Plaintiffs paid the full and complete amount, on time, as per the modified loan agreement. Indeed, Plaintiffs were not even in default on the loan when Nationstar chose to wrongfully initiate foreclosure proceedings. As a result, any foreclosure or attempted foreclosure is being wrongfully conducted by Defendants. *See Reese v. Provident Funding Associates, LLP*, 2012 Ga. App. 666 (2012).

25.

Furthermore, the fact that no foreclosure sale has yet been consummated will not render Plaintiff's wrongful foreclosure claim as moot. In *Morgan v. Ocwen*, "Defendants further argue that there can be no cause of action for wrongful foreclosure here because the foreclosure has not taken place. However, courts have recognized a cause of action for wrongful attempted foreclosure where a foreclosure action was commenced, but not completed..." *Morgan v. Ocwen Loan Servicing*, LLC, No. 1:10-cv-3555-AT; 795 F.Supp.2d 1370 (N.D.Ga. July 7, 2011)

26.

It is evident that Defendants "knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result." *Id.* By publishing for a foreclosure sale the information of Plaintiff became public knowledge and such were untrue. Plaintiff suffered damages in that they have to now pursue legal actions and will likely have negative remarks on their credit report that are untrue. Therefore, Plaintiff is entitled to damages to be determined at trial and prevention of foreclosure sale.

## COUNT II – Quiet Title

The Plaintiffs hereby incorporate, re-allege, and adopt by reference as if more fully stated, paragraphs herein above.

27.

The Quiet Title Act of 1966 "creates an efficient, speedy and effective means of adjudicating disputed title claims... and sets out specific rules of practice and procedure with respect to an *in rem* quiet title action against all the world, that take precedence over the Civil Practice Act when there is conflict". *Nelson v. Georgia Sheriffs Youth Homes, Inc.* 286 Ga. 192; 686 S.E.2d 663 (2009).

28.

The Quiet Title Act also requires a trial court to appoint a special master and requires a report from the special master to the trial court. The special master shall have complete jurisdiction within the scope of the pleadings to ascertain and determine the validity, nature, or extent of petitioner's title and all other interests in the land (or to remove any particular cloud or clouds upon the title to the land and to make a report of his findings to the judge of the court). *Id.* (*See* O.C.G.A §23-3-66 and §23-3-66).

29.

Plaintiffs are the owners of Property; however, both Nationstar Mortgage LLC and Freddie Mac claim interest in the Property (*See* Exhibits B and H). The fact that both claim to hold interest in the loan create clouds over the title of the property, Plaintiffs are entitled to removal of these clouds.

30.

Both Nationstar Mortgage LLC and Freddie Mac have placed a cloud over Plaintiffs property and therefore Plaintiffs should be awarded quiet title over both Defendants.

### COUNT III – Bad Faith

The Plaintiff hereby incorporates, re-alleges, and adopts by reference as if more fully stated, paragraphs herein above.

31.

"..."the element of bad faith relates to the defendant's conduct in entering into the contract or pertains to the transaction and dealings out of which the cause of action arose, not to the defendant's conduct after the cause of action arose... Moreover, "[e]ven where there is a bona fide controversy as to liability, a jury may find that a defendant acted in the most atrocious bad faith in its dealing with the plaintiff."

City of Lilburn v. Astra Group, Inc. 286 Ga. App. 568, 571; 649 S.E.2d 813, 816 (2007).

32.

Co-defendant Bank of America Home Loans acted in bad faith, making a promise to Plaintiff that it had no intention of keeping. When Bank of America Home Loans offered the trial modification program to Plaintiffs, they did so behind the bad faith guise of merely pretending to want to avoid foreclosure. Nationstar Mortgage LLC precipitously continued on to initiate foreclosure, before Plaintiff even had a chance to exercise the option offered to her in the trial modification. If Bank of America Home Loans were, indeed, acting in good faith, they

would never have so quickly contradicted the offer they had set forth that was indeed accepted and acted upon (*See* Exhibit D).

33.

"But the element of bad faith that will support a claim for litigation expenses under O.C.G.A. § 13-6-11 must relate to the acts in the transaction itself prior to the litigation, not to the conduct during or motive with which a party proceeds in the litigation. And statutory recovery for causing unnecessary trouble and expense is authorized if there exists no bona fide controversy or dispute regarding liability for the underlying cause of action."

Fresh Floors, Inc. v. Forrest Cambridge Apartments, L.L.C 257 Ga. App. 270, 271; 570 S.E.2d 590, 591 (2002)

34.

Plaintiff relied on the previously asserted misrepresentations of Defendant Bank of America Home Loans, and intended to use these misrepresentations to avoid foreclosure. Hence Plaintiff began making their payments in a timely manner for numerous months. During this time Defendant Nationstar claimed to have no knowledge of the modification granted to Plaintiff. However, it is documented that Nationstar also received and accepted money from Plaintiff in conjunction with the modification; for at least one month.

35.

Defendant Nationstar Mortgage LLC, with superior knowledge and intention, actively misrepresented events to Plaintiff in order to cause Plaintiff to go into foreclosure. Nationstar Mortgage, LLC did so with the knowledge that if Plaintiff acted in good faith on these misrepresentations, Plaintiff would accept the modification program and not pursue other avenues to avoid foreclosure. Especially considering Plaintiff had been making payments

diligently only for Defendant to portray they had no knowledge of the modification and unjustly pursue foreclosure proceedings.

36.

Therefore, due to Defendant(s) Bank of America Home Loans and Nationstar Mortgage LLC bad faith, Plaintiffs have been damaged emotionally and financially in an amount to be determined at trial, as allowed in O.C.G.A. § 13-6-11("The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.").

## COUNT IV – Fair Debt Collection Practices Act

The Plaintiffs hereby incorporate, re-allege, and adopt by reference as if more fully stated, paragraphs herein above.

37.

McCalla Raymer, LLC, in their letter dated July 31, 2012, stated to Plaintiff that they were "acting as a debt collector attempting to collect a debt." This letter continued on to note that a non-judicial foreclosure sale is slated for September 4, 2012 (*See* Exhibit K). The letter also states that Nationstar Mortgage LLC was merely the servicer of the loan and that McCalla was acting on their behalf. Furthermore, the letter from McCalla Raymer, LLC listed Freddie Mac as the current owner of the Loan.

38.

Co-Defendant Nationstar Mortgage LLC and McCalla Raymer, LLC are considered to be Debt Collectors under 15 U.S.C. § 1692f(6)(A).

39.

McCalla Raymer, LLC and Nationstar Mortgage LLC were attempting to collect on an alleged debt to which they were not even entitled. In fact, Freddie Mac is the holder of the loan, as denoted by their website records locator and McCalla Raymer's own admission. (*See* Exhibits B, J and K). McCalla Raymer was not acting on behalf of Freddie Mac and, indeed, was attempting to collect a loan for someone without secured interest in the property.

40.

Therefore, for the reasons stated above, Plaintiff is entitled to damages as determined at trial.

## COUNT V – Breach of Contract

The Plaintiffs hereby incorporate, re-allege, and adopt by reference as if more fully stated, paragraphs herein above.

41.

"To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1.

42.

In the present action, Co-Defendant Bank of America Home Loans entered into a contract with Plaintiffs in agreeing to terms of a trial modification. In exchange for a modified payment structure, Plaintiffs' consideration came in the form of reduced payments, on a trial basis. Bank of America Home Loans gave their assent to the offer, and Plaintiff was to give theirs through the making of payments, which Plaintiff began making on February 1, 2012 (*See* Exhibit D and G).

43.

However, when Nationstar Mortgage LLC took assignment of the loan from Bank of America Home Loans, Nationstar Mortgage LLC suddenly alerted Plaintiff that it was moving forward with foreclosure. Within two months of reaching the modification agreement, which Bank of America Home Loans itself alleged was a measure to avoid foreclosure, Nationstar Mortgage LLC then proceeded with foreclosure actions.

44.

In order to rectify the breach, Plaintiff is seeking that Nationstar Mortgage LLC halt its attempted wrongful foreclosure and honor the terms of the acted upon contract.

### Damages

The Plaintiffs hereby incorporate, re-allege, and adopt by reference as if more fully stated, paragraphs herein above.

45.

In a wrongful foreclosure action, the injured party may seek damages for mental anguish in addition to the cancellation of the foreclosure. *DeGolyer v. Green Tree Servicing*, LLC, 291 Ga. App. 444,662 S.E.2d 141,147 9 Ga. Ct. App. 2008) "As a general precept, damages for mental distress are not recoverable in the absence of physical injury where the claim is premised upon ordinary negligence. However, when the claim is for intentional; misconduct, damages for mental distress may be recovered without proof of physical injury." *Clark*, 196 Ga. App at 457-58; 395 S.E. 2d at 886 *(quoting Hamilton v. Powell, Goldstien, Frazier & Murphy*, 252 Ga. 149, 150, 311 S.E.2d 818 (Ga. 1984).

46.

An Action for damages for emotional distress in a wrongful foreclosure action is treated as an action for intentional infliction of emotional distress, and the plaintiff has the burden to prove intentional conduct to cause harm. *McCarter v. Banker Trust Co.*, 543 S.E.2d 755,758 (Ga. Ct. App. 2000).

47.

Additionally, "an injured party may seek both cancellation of a foreclosure sale and recovery of damages not associated with the value of the property for other wrongful conduct by a mortgagor." *Clark v. West*, 196 Ga. App. 456-457, 395 S.E. 2d 884 (1990). The state of Georgia itself recognizes the rights of homeowners and the severity of being unduly deprived of property, stating in OCGA § 51-9-1: "[t]he right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."; also: "The bare possession of land shall authorize the possessor to recover damages from any person who wrongfully interferes with such possession in any manner" OCGA § 51-9-3.

48.

As a result of all Defendants' conduct in conducting wrongful foreclosures, Plaintiffs request actual, compensatory, intentional infliction of emotional distress and punitive damages. *See Curl v. First Federal Savings & Loan Assn., West,.* 243 Ga. 842, 843-844(2), 257 S.E.2d 264 (1979) (affirming award of actual and punitive damages in an action for wrongful foreclosures).

49.

Plaintiffs request that any Dispossessory be halted and set aside and that the court imposes and issues restraining orders and/or protective orders against Defendants on behalf of Plaintiffs.

50.

Plaintiffs respectfully request that Defendants pay attorney fees in all appropriate stages of the proceedings, if any.

### Injunctive Relief

The Plaintiffs hereby incorporate, re-allege, and adopt by reference as if more fully stated, paragraphs herein above.

51.

Co-Defendant Nationstar Mortgage LLC is presently seeking to execute a non-judicial foreclosure sale on September 4, 2012.

52.

However, as previously stated, notice of the sale has not been advertised as required by O.C.G.A. (i.e., the secured creditor with interest in the loan is never properly identified). Should Nationstar Mortgage LLC proceed with foreclosure actions, they will be doing so in flagrant violation of Georgia law.

53.

"A court may enjoin a non-judicial foreclosure sale in a wrongful foreclosure sale where the authority to foreclose is in question." *Morgan v. Ocwen*, citing *Atlanta Dwellings Inc. v. Wright*, 257 S.E.2d 854, 856 (2000).

54.

Plaintiffs' harm will come in the form financially as they will have lost thousands of dollars that they have placed in this home over years of making it everything they dreamed it could be. Emotionally, Courts have ruled and as stated in previous paragraphs "a home is an emotional and physical stability," the removal of which can devastate people. Socially, it follows a person in their credit and record that they have lost a home; additionally, neighbors and family know about the loss of a home. This is an embarrassing and traumatic experience to be deprived of such an important investment of time and money.

55.

As such, Plaintiffs seek injunctive relief pursuant to O.C.G.A. 9-11-65. Specifically, Plaintiffs seek to halt any pending foreclosure sales.

### **Prayer for Relief**

WHEREFORE, the Plaintiffs pray that this Honorable Court grant the relief herein sought as follows:

- As to Count I, cancelation of the foreclosure sale, reinstatement of the terms of the modification agreement, compensatory and punitive damages in an amount to be determined at the time of trial, attorney fees and costs;

- As to Count II, cancelation of the foreclosure sale, compensatory and punitive damages in an amount to be determined at the time of trial, attorney fees and costs; Quiet Title against all Defendants;

- As to Count III, cancelation of the foreclosure sale, compensatory and punitive damages in an amount to be determined at the time of trial, attorney fees and costs;

- As to Count IV, cancelation of the foreclosure sale, compensatory and punitive damages in an amount to be determined at the time of trial, attorney fees and costs;

- As to Count V, cancelation of the foreclosure sale, reinstatement of the terms of the modification agreement, compensatory and punitive damages in an amount to be determined at the time of trial, attorney fees and costs;

- As to Damages, compensatory and punitive damages in an amount to be determined at the time of trial, attorney fees and costs;

- As to Injunctive Relief, prevention of foreclosure sale;

- As to all Counts, attorney fees as allowed by law, interest at the statutory rate, and all other costs of this proceeding as allowed by law;

- For other and further relief as Plaintiff may be entitled as provided under Georgia state and federal law; and,

- That Plaintiff has such other and further relief, as it is just and proper.

Respectfully submitted,

J. G. DAVIS & ASSOCIATES, LLC

By: _____
JOSHUA G. DAVIS (#514674)
Attorney for Plaintiffs
P. O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax: (855) 814-3619

Dated: This 23rd day of August, 2012

IN THE SUPERIOR COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

LORENZO and SONYA SADLER

    Plaintiffs,

v.

BANK OF AMERICA HOME LOANS,
NATIONSTAR MORTGAGE LLC,
FREDDIE MAC, MCCALLA RAYMER, LLC.

    Defendant(s).

Case No.
HON.

---

J. G. DAVIS & ASSOCIATES, LLC
By: JOSHUA G. DAVIS (#514674)
Attorney for Plaintiff
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax:    (855) 814-3619

---

## JURY DEMAND

NOW COMES the Plaintiffs, Lorenzo and Sonya Sadler by and through his attorney(s), J. G. DAVIS & ASSOCIATES, LLC, by JOSHUA G. DAVIS, and hereby makes his demand for trial by jury of all issues triable by Jury as a matter of right.

Respectfully submitted,

        J. G. DAVIS & ASSOCIATES, LLC

        By: _____
        JOSHUA G. DAVIS (#514674)
        Attorney for Plaintiffs
        P. O. Box 7309
        Atlanta, GA 30357
        Phone: (855) 543-2847
        Fax:    (855) 814-3619

Dated: This 23rd day of August, 2012