# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LORENZO and SONYA SADLER : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No. 1:12-CV-03326-TCB |
| : | HON. |
| BANK OF AMERICA HOME LOANS, : | |
| NATIONSTAR MORTGAGE LLC, : | |
| FREDDIE MAC, MCCALLA RAYMER, : | |
| LLC. : | |
| : | |
| Defendant(s). : | |

_____

J. G. DAVIS & ASSOCIATES, LLC
By:  JOSHUA G. DAVIS (#514674)
Attorney for Plaintiffs
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax:    (855) 814-3619
_____

**PLAINTIFFS RESPONSE TO DEFENDANTS' MCCALLA RAYMER, LLC MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT**

COMES NOW, Lorenzo and Sonya Sadler, Plaintiffs through their undersigned counsel, in the above-captioned matter and file this Plaintiffs Response to Defendants' Motion to Dismiss Plaintiffs amended complaint, respectfully showing this Honorable Court the following:

~ 1 ~

## RESPONSIVE BRIEF

1.

McCalla Raymer, LLC ("MCR") responds to Plaintiffs' Amended Complaint for Damages as an Answer to Defendants' first Motion to Dismiss by filing a 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted. A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). See also *Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997). Hence, in order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555. Moreover, "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In conjunction, "the plaintiff's complaint is to be

construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Plaintiffs assert that MCR assisted in the unlawful taking of their property. MCR was in fact acting in concert with Nationstar Mortgage, LLC ("NS") and Federal Home Mortgage Corporation ("Freddie Mac"), and in fact enacted and facilitated the wrongful stealing of the property. The facts are clear in this matter and are left undisputed; MCR did not give proper notice or have proper interest in the Property by failing to state the secured creditor on the notice. This information seen as true would allow Plaintiffs to gain a judgment in their favor. NS did not have a secured interest in the property at the time they attempted to steal it from the Plaintiffs making their actions wrongful because Freddie Mac has no recorded interest but has ownership of the property. As such MCR's Motion to Dismiss should not be granted.[1]

2.

MCR alleges that they did not breach the FDCPA because NS had proper interest and rights to the Property. (*Please see* Defendants Motion to Dismiss Page 10) However, the assertion by Defendant is misspoken and vague, and MCR has

---

[1] Married persons are entitled to interest in all things of their spouse, therefore Sonya Sadler has an interest in also not being wrongfully foreclosed on by Defendant. Hence, in accordance with the heading to this case Mrs. Sadler will be referenced and maintained in this action, regardless of Defendants' feelings. Also, if one looks to Defendants' argument for dismissing Mrs. Sadler that would also mean their arguments would not hold proper authority because they are not on a legal assignment considering MERS transferred to Freddie Mac before BANA made the transfer to NS invalid; therefore MCR would be working for a void interest in the property.

not adequately proven it.[2]  Defendant claims that because of a statement made in *Kabir v. Statebridge Co., LLC,* No. 1:11-CV-2747-WSD, 2011 WL 4500050, at *10 (N.D. Ga. Sept. 27, 2011) they are not subject to the FDCPA.  However, Defendant has mistakenly glossed over the portion of the case that is factually and material different.  Plaintiffs paid BANA for an extended period of time under a modification contract, to which NS also accepted payments; these actions coupled with the fact that now Plaintiffs are in the belief that there was a transfer to Freddie Mac prior to BANA makes the interest transferred to NS further invalid.  It clearly states in *Kabir* "Section 1692f(6) only applies to situations where a debt collector attempts to collect an amount that is not authorized by the security agreement, and it is not implicated where the security deed authorizes a foreclosure sale."  It is clear here that NS and MCR did not have authorization to collect the debt being that Plaintiff had a valid modification that had been paid for and continued to pay in accordance with the valid contract. (*See* Plaintiffs Amended Complaint Exhibit G).  Moreover, as Freddie Mac claims ownership of the property along with MCR stating this as true in their notice the interest was not valid under O.C.G.A. § 44-

---

[2] It is noteworthy to state that Defendant claims that Plaintiffs have submitted an "impermissible shotgun pleading" to which they have given no real facts or supporting law.  It is egregious that if Defendant truly thought the complaint by Plaintiff was a shotgun pleading they would make an actual argument towards this fallacy of a statement.  However they do not- they only speak of their opinion as if to direct this Court to their will with utter disrespect.  It is also Plaintiffs' assertion that Defendant is attempting to grasp at straws to wiggle away from Plaintiffs complaint, thereby passing the buck for their own intentional wrongful and outrageous actions.  The statement "referring" to statements previously made clearly relates to the facts given in the beginning of the amendment that are more clearly stated in the section of each and every claim.  Further in *Davis v. Coca-Cola Bottling Co.* 516 F.3d 955, 979 n.54 (11th Cir. 2008) it states a claim of this type must be pleaded under FRCP Rule 12(e) which has not been properly done and therefore holds no merit to be heard in this case currently.

14-60. (*See* Exhibit J of Plaintiffs Amended Compalint).  Moreover, NS's claim for an overdue amount does not conform to the fact that Plaintiff had a valid modification at the time of that notice, prior to NS even becoming servicer (a title which Plaintiffs have discovered was never properly acquired).  Therefore, Defendants' Motion to Dismiss should not be granted.[3]

3.

Defendant MCR claims they acted in accordance to Georgia laws.  Further, they claim that, as a law firm, they cannot be held liable for wrongful actions of their hiring entity. (*Please See* Defendants Motion to Dismiss Pages 15-22). However, being that Defendant did not act in lawful compliance with Georgia laws, they can and should be held accountable for their wrongful actions against Plaintiff.  As admitted by Defendant they had a duty to Plaintiffs to exercise the foreclosure proceedings in "good faith," as denoted by *Rapps v. Cooke*, 246 Ga. App. 251, 253; 540 S.E.2d 241, 243 (2000).  It is impossible that Defendant acted in good faith.  Defendant not only pursued the sale, but also wrongfully published false information regarding Plaintiff's loan.  Defendant first did not properly list the secured creditor to the Property and second did not have valid rights to

---

[3] Being that Defendant MCR has been influential in the unlawful proceedings of attempting to steal Plaintiffs property they have joint and severable liability to Plaintiff for damages sustained for these actions.  It is Plaintiffs contention that if they are dismissed from the claims by Plaintiff in which they feel they are not liable to justice and full adjudication of the case will not be available.  Therefore, they should not be dismissed from any of the claims as precaution to justice being served for Plaintiff.

foreclose due to the valid and active modification agreement. (*See* Exhibits B, F and J of Plaintiffs Amended Complaint).

It states in *Gary Stubbs v. Bank of America,* 844 F.Supp. 2d 1267, 1272:

> "Sending a foreclosure notice that *misidentifies* the secured creditor violates the spirit and intent of O.C.G.A. § 44–14–162.2… Fannie Mae, was not filed prior to the time of sale… Plaintiff has alleged facts making it plausible that Fannie Mae was in fact the secured creditor at the time of the foreclosure and has alleged that no assignment to Fannie Mae was filed prior to the time of sale as required by O.C.G.A. § 44–14–162(b). Therefore, based on the allegations in the amended complaint, BAC evaded the most substantive requirements of Georgia's foreclosure statute in that…(2) it failed to file the assignment of the security deed to the secured creditor."

These statements are identical to the facts of this case, Freddie Mac is stated by Defendant in their notice to be the owner of the security deed, however no interest has ever been filed on behalf of Freddie Mac. (*See* Exhibit J Plaintiffs Amended Complaint). Freddie Mac, according to *Stubbs,* would have to "according to the plain language of the statute [be identified as] the secured creditor- the entity to whom the debt is owed- is authorized to foreclose pursuant to Georgia's nonjudicial foreclosure statute… a creditor who has the right, on the debtor's default, to proceed against collateral and apply it to the payment of the debt." *Id.* This asserts the fact that Defendant has not adhered to the requirements of notice in attempting foreclosure upon the Property. Without notifying the

Plaintiffs of the proper secured creditor, breaches the duty by which Defendant has to abide.  There is no interest filed making granting Freddie Mac this title. Moreover, the notice is not sent by the secured party it cannot be proven that Defendant had the authority to modify and amend the loan considering Freddie Mac has never filed their interest and Defendant believes Plaintiffs should just rely on their unsubstantiated statement that they have this ability, is unfathomable and contradicts common sense and decency. (*See* Exhibits B and F of Plaintiffs Amended Complaint).  As confirmed in *Stubbs,* without proper filing of their interest the ability of the parties to foreclose on Plaintiffs property is void.  This also would make it impossible for Defendant to properly pursue foreclosure proceedings against Plaintiff because they did not have authority and without such authority they were in fact publishing false and damaging foreclosure information. Hence, even if the sale has not gone through they are liable for attempted wrongful foreclosure.  These actions satisfy an attempted foreclosure claim against Defendant, since they did not have information to state Plaintiffs were in default and since Plaintiffs had a valid modification (made so by regular, timely payments). (*See* Exhibit D of Plaintiffs Amended Complaint.)

It has been upheld by this Court that "…courts have recognized a cause of action for wrongful attempted foreclosure where a foreclosure action was commenced, but not completed..." *Morgan v. Ocwen Loan Servicing*, LLC, No.

1:10-cv-3555-AT; 795 F.Supp.2d 1370 (N.D.Ga. July 7, 2011).  To establish a claim for "wrongful *attempted* foreclosure…must establish "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." (citing *Aetna Finance Co. v. Culpepper,* 171 Ga.App. 315, 319, 320 S.E.2d 228 (1984))."  Plaintiffs had completed the TPP for their modification and were in fact in a valid modification. NS accepted further payments upon transfer, confirming their assent to Plaintiffs' contract.  This is shown in the bank statements generated for Plaintiffs Bank of America account. (*See* Exhibit G of Plaintiffs Amended Complaint).  Defendant cites to the TPP statements as conclusive evidence that Plaintiffs did not have a modification.  However, they once again have acted in outrageous bad faith as not only were all aspects of the TPP completed, but also Plaintiffs diligently complied with their duty to pay. (*See* Exhibits D and G of Plaintiffs Amended Complaint).  MCR clearly knew that Plaintiff had completed any temporary aspects of the contract because their client knew of the contract, and they published false information (as the modification brought their loan current.)[4]  Moreover, O.C.G.A. § 23-2-131 states:

---

[4] It is noteworthy to state the *Gass* case is irrelevant to this proceeding, which Defendant obviously knows otherwise they would have made a valid argument to this case instead of relying on a halfhearted foot note mention.  The facts of *Gass* are clear in that the party never paid for their modification nor did they ever get past the three month period. It is also noteworthy to state that Contractual merger may be of importance in a situation of this nature where Defendant is attempting to take the Property without an interest being that Plaintiff has paid all of this money into the contractual modification; if Plaintiff never had the valid contract then why would they be expected to pay and lose money that could have been used else where.

> (a) The specific performance of a parol contract as to land shall be decreed if the defendant admits the contract or if the contract has been so far executed by the party seeking relief and at the instance or by the inducements of the other party that if the contract were abandoned he could not be restored to his former position.
> (b) Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to have been done with reference to the parol contract, shall be sufficient part performance to justify a decree.

Clearly Plaintiffs will be extremely affected by the wrongful actions of Defendant as they have paid their portion of the contract diligently and on time; without Defendant properly adhering to the contract Plaintiffs will be damaged by the loss of their money and property. This gives valid rise to Plaintiffs right to have the contract adhered to and their modification being upheld, further attributing to the damages caused by Defendant.

Further, it is stated in *Morgan* "a court may refuse to dismiss as moot claims in which the former controversy is one "capable of repetition, yet evading review." (*United Steelworkers of America v. Bishop,* 598 F.2d 408, 412 (5th Cir.1979)") *Morgan v. Ocwen Loan Servicing*, LLC, No. 1:10-cv-3555-AT; 795 F.Supp.2d 1370 (N.D.Ga. July 7, 2011). Moreover, "Since the statutorily required notice of foreclosure sale is only required to be sent 30 days prior to the sale date, there would not likely be time to adjudicate this issue should it arise again by virtue of another foreclosure sale notice mailed…" *Id at 1373*. Therefore, Plaintiffs are in

full right to bring an attempted wrongful foreclosure/wrongful foreclosure claims as MCR may attempt to wrongfully foreclose again.  It is Plaintiffs contention that the sale was not conducted solely because of the increased judicial scrutiny on Defendants.  Defendants cannot assert there was not a contract paid for by Plaintiff to which their client NS was fully aware and accepting of monetary gain; their actions of foreclosure are wrongful and entitle Plaintiffs to damages.  Therefore, Defendants Motion to Dismiss should not be granted.

4.

Defendant states that because there is a statue which allows foreclosure actions and the facts are not outrageous, Plaintiff is not entitled to intentional infliction of emotional distress damages. (*See* Defendants Motion to Dismiss Pages 22-25)   However, Defendants assertions are as deplorable as their actions are outrageous.  Recovery for the tort of intentional infliction of emotional distress has been authorized only in situations where "the defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Georgia Power Co. v. Johnson,* 155 Ga. App. 862, 863, 274 S.E.2d 17, 18 (1980). Moreover, "To prevail on claim for intentional infliction of emotional distress, plaintiff must show that defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kirkland*

*v. Earth Fare, Inc.*, 289 Ga.App. 819; 658 S.E.2d 433 (2008) Defendants' actions demonstrate their intent to defraud and insult, humiliate, embarrass, and frighten Plaintiffs with the stress and fear of wrongfully losing their home.  These actions are clearly extreme and outrageous because they did not have proper interest and have attempted to steal the home from Plaintiff.  Furthermore, Plaintiffs have had to take on the added burden of litigation in order to stop the wrongful taking of their home.  It is noteworthy to state that these actions must evidently be of an outrageous nature being that the Federal Government has become strongly involved in the monitoring of foreclosure actions throughout the country.  The actions by MCR are in fact outrageous considering the fact that they did not receive proper authority from the true secured creditor Freddie Mac, nor was notice sent through the secured creditor as required by O.C.G.A. § 44-14-162.2; this was a compounded action being there was never an assignment filed in favor of Freddie Mac.  As stated in, *In re Cummings* 173 B.R. 959 (1994) "[u]nder Georgia law, there was no assignment of security deed prior to foreclosure...foreclosure of property was null and void..." MCR knew this to be the case, yet instead of acting in bad faith they pursued foreclosure without proper interest in the property.  Hence, under the governing rules and law of Georgia the foreclosure has no basis or standing proven by Defendant not completing the sale of the property. This speaks to the terrifying actions performed by Defendant in acting as a common

criminal endeavoring to forcefully steal from Plaintiffs.  Therefore, for the reasons stated above Defendants Motion should not be granted.

## CONCLUSION

For the reasons stated above Co-Defendants Motion to Dismiss should not be granted because Plaintiffs have specifically averred claims in which relief can be granted as a matter of law.

This 15th day of November, 2012.

                                                Respectfully Submitted,

                                                /s/Joshua G. Davis
                                                JOSHUA G. DAVIS
                                                Bar No.: 514674
                                                J.G. DAVIS & ASSOCIATES, LLC
                                                P.O. Box 7309
                                                Atlanta, GA 30357
                                                Phone:  (855) 543-2847
                                                Fax:     (855) 814-3619
                                                swordandshieldlaw@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LORENZO and SONYA SADLER | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | Case No. 1:12-CV-03326-TCB |
| | : | HON. |
| BANK OF AMERICA HOME LOANS, | : | |
| NATIONSTAR MORTGAGE LLC, | : | |
| FREDDIE MAC, MCCALLA RAYMER, | : | |
| LLC. | : | |
|     Defendant(s). | | |

J. G. DAVIS & ASSOCIATES, LLC
By:  JOSHUA G. DAVIS (#514674)
Attorney for Plaintiff
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax:    (855) 814-3619

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2012, I electronically filed the foregoing *PLAINTIFF'S RESPONSE TO DEFENDANTS' MCCALLA RAYMER, LLC MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record. I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

**PLEASE SEE NEXT PAGE FOR SIGNATURE**

Respectfully Submitted,


J. G. DAVIS & ASSOCIATES, LLC

By: /s/ Joshua G. Davis_____
    JOSHUA G. DAVIS (#514674)
    Attorney for Plaintiffs
    P.O. Box 7309
    Atlanta, GA 30357
    Phone:  (855) 543-2847
    Fax:     (855) 814-3619


Dated: This 15th day of November, 2012